## GREEN v. McINTIRE.

---

COURTS; JUDICIAL NOTICE; PLEADING; FORCIBLE ENTRY AND DETAINER; DESCRIPTION; VERDICT; DAMAGES; RETROACTIVE STATUTES; FORM OF ACTION.

1. This court will take cognizance of the fact that the county of Washington embraces all that portion of the original District of Columbia acquired from the state of Maryand and lying north of the Potomac river.

2. No fatal variance exists between a complaint in forcible entry and detainer alleging that the property which is clearly identified, is in the city·of Washington, and deeds 'reciting that it is in the county of Washington, since the city is located in the county, and no distinction is made between the two in keeping the records of title to real estate.

3. A complaint in forcible entry and detainer sufficiently describes the property involved where the descriptions are sufficiently accurate to identify it.

4. It is proper, in forcible entry and detainer, to direct a verdict for the rental value at the rate set by the plaintiff's witnesses, as the measure of compensation or, damages for use and occupation, where the defendant offered no evidence on this point, though the court offered to hear evidence relative thereto.

D. C.]          .                    Statement of the Case.

5. The best evidence of damages for use and occupation of real estate is
   its reasonable rental value, together with wear and tear not in-
   cidental to its reasonable use.

6. Parties have no vested rights in rules of procedure, and these may be
   changed at will so long as they impair no substantive rights.  (Cit-
   ing *Shelley* v. *Wescott*, 23 App. D. C. 135.)

7. The remedy of forcible entry and detainer provided by sec. 20, Code
   D. C. (31 Stat. at L. 1193, chap. 854), as a substitute for ejectment,
   may, so long as no substantive rights are impaired, be invoked by
   one claiming through a sale under a trust deed, occurring subse-
   quently to the adoption of the Code, although the trust deed was
   executed and fell due before its adoption, in view of sec. 1638 (31
   Stat. at L. 1435, chap. 854), enacting that the repeal of any statute
   shall not affect any act done, right accruing, or civil suit or pro-
   ceeding commenced, provided that the provisions of the Code relating
   to procedure or practice, and not affecting the substantial rights of
   parties, shall apply to pending suits or proceedings.

No. 2627.  Submitted April 6, 1914.  Decided May 4, 1914.

HEARING on an appeal by the defendants from a judgment of
the Supreme Court of the District of Columbia, on verdict for
plaintiff, in an action to recover possession of certain real estate.
                                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellee, Lettie F. McIntire, brought this suit in the munici-
pal court of the District of Columbia to recover possession of
certain real estate described in the complaint as "a certain lot
or parcel of ground with appurtenances in the city of Washing-
ton, District of Columbia, known and described as follows: Lot
twenty-one (21) in Galen E. Green's subdivision of part of
Girl's Portion, as per plat recorded in liber county No. 6, folio
40, of the records of the surveyor's office of the District of Co-
lumbia."

It appears that on April 10, 1891, defendant Green and wife
executed a deed of trust on the property in question, which was
foreclosed, and, on December 23, 1902, conveyed by the trustees
to one Emma T. McIntire, who, in turn, conveyed the property

to plaintiff on February 13, 1908. Plaintiff alleged her owner-
ship of the property and the unlawful detention of possession
by defendant. For answer, defendant entered a plea of not
guilty, and denied the right of plaintiff to maintain her action
under sec. 20 of the District Code [31 Stat. at L. 1193, chap.
854].

In the trial of the case, the deeds referred to in the complaint
were introduced in evidence by plaintiff, in which the property
was described as "situate in the county of Washington, District
of Columbia, to wit: Lot numbered twenty-one (21) in a sub-
division made by Galen E. Green of a part of a tract of land
called 'Girl's Portion,' as the same is recorded in the office of
the surveyor of the said District, in book county No. 6, page
40." Plaintiff also proved the rental value of the property to
be $5 per month. Defendant offered no testimony. On motion
of counsel for plaintiff, the court instructed the jury to return a
verdict for plaintiff for possession, for costs against defend-
ant and his surety, and for the value of the use and occupation
of the land at the rate of $5 per month from the date appeal
was taken from the judgment of the municipal court. From this
judgment the present appeal was prosecuted.

*Mr. John Ridout* for the appellant.

*Mr. Charles Cowles Tucker, Mr. J. Miller Kenyon, Mr.
Henry B. F. Macfarland,* and *Mr. Edward S. Bailey* for the
appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is urged by defendant that there was a fatal variance be-
tween the averments of the complaint and the proof, in that, in
the complaint, the property is described as being "in the city of
Washington," and in the deeds offered in evidence as "in the
county of Washington." The court will take judicial cogniz-
ance of the fact that the county of Washington embraces all
that portion of the original District of Columbia acquired from

the state of Maryland and lying north of the Potomac river. Since the recession to Virginia of the portion of the original District lying south of the river, the county of Washington embraces the entire territory of the present District. The city of Washington may be distinguished from the county in respect of certain municipal regulations; but no such distinction is made in keeping the record of the title to real estate, which is kept by a single officer in the same office. If, therefore, the description is sufficient to identify the property and give notice to the public of its identity, it is all that is required. Either or both descriptions of this particular property are sufficiently accurate for identification, and this is sufficient. The descriptions are the same, except in the complaint the word "city" is used, instead of the word "county," as appears in the deeds. Since the city is embraced within the county, and the property is clearly identified, the variance is not material in a suit for possession.

It is urged that the court committed error in instructing the jury to return a verdict for the rental value of the premises at the rate of $5 per month as the proper measure of compensation or damage for the use and occupation of the property from the date of the appeal from the judgment in the municipal court to the date of the verdict in the court below. The best evidence of the damage for use and occupation of real estate is its reasonable rental value, together with wear and tear not incidental to its reasonable use. Plaintiff's witnesses fixed the value at $5 per month. Defendant offered no evidence, though the court suggested that it would hear evidence on this point; hence, no issue of fact was presented for the jury to determine. In such a case, it was proper for the court to direct a verdict. To have done otherwise would have left the question of reasonable compensation to the mere speculation of the jury.

The remaining question relates to the right of plaintiff to maintain this action under sec. 20 of the Code [31 Stat. at L. 1193, chap. 854], which provides the usual speedy remedy for recovering possession of real estate by action for forcible entry and detainer. Plaintiff alleged title through the sale under a deed of trust executed in 1891 and falling due in 1894. It

was, however, not sold under the trust until 1902. Section 20 of the Code did not come into force in the District until January 1, 1902. Prior to this the only available method in this District of recovering possession of real estate in the possession of the mortgagor was by writ of ejectment or a bill of foreclosure. *Willis* .v. *Eastern Trust & Bkg. Co.* 169 U. S. 295, 42 L. ed. 752, 18 Sup. Ct. Rep. 347.

It is contended by counsel for defendant that, inasmuch as the deed of trust was executed and came due before the adoption of the Code, though the property was not sold under the trust for almost a year after the Code went into effect, the remedy provided by sec. 20 cannot be invoked in this suit. Section 1638 of the Code [31 Stat. at L. 1435, chap. 854] reserves certain rights from the effect of the repealing clause of the Code. It provides: "The repeal by the preceding section of any statute, in whole or in part, shall not affect any act done, or any right accruing or accrued, or any suit or proceeding had or commenced in any civil cause before such repeal, but all rights and liabilities under the statutes or parts thereof so repealed shall continue and may be enforced in the same manner as if such repeal had not been made: *Provided,* That the provisions of this Code relating to procedure or practice, and not affecting the substantial rights of parties, shall apply to pending suits or proceedings, civil or criminal."

It will be observed that the repealing statute includes provisions relating to procedure and practice, but with the limitation that it shall not affect "the substantial rights of parties." This limitation is well defined in *Shelley* v. *Wescott,* 23 App. D. C. 135, 139, as follows: "It is conceded by all the authorities that parties have no vested rights in the rules of procedure, and that these latter may be changed at will without affecting the right. But there is also this qualification of the doctrine well settled, that, if statutes professing only to affect procedure or remedy do in fact thereby affect or impair the right, they are void or inapplicable as against the enforcement of the right thus impaired."

When the right consists in a mere rule of procedure or form

of action, the enforcement of which will not deprive the litigant of a vested right or work a substantial injury, the later statute will apply. Here, the form of action is changed from ejectment to forcible entry and detainer. The relief or object sought is the same. It is impossible to conceive just how defendant can be injured by the particular form of action employed, since, in either case, the same forum and the same defenses are open to him. There is no such thing as a vested right in a remedy or rule of procedure; hence, so long as defendant cannot show wherein he has been substantially injured by the remedy pursued in this action, he cannot be heard to complain.

The judgment is affirmed, with costs.        *Affirmed.*